A. P. HOLLINGER, D/B/A HOLLINGER REALTY, PLAINTIFF AND RE-
SPONDENT, v. GLADYS L. McMICHAEL, DEFENDANT AND AP-
PELLANT.

No. 14060.
Submitted April 5, 1978.
Decided June 19, 1978.
580 P.2d 927

Skelton & Knight, Missoula, for defendant and appellant.

George, Williams & Benn, Missoula, for plaintiff and respondent.

MR. JUSTICE HARRISON delivered the opinion of the Court.

Plaintiff A. P. Hollinger, d/b/a Hollinger Realty, brought this action to collect a real estate broker's commission. From an order of the District Court, Missoula County, granting summary judgment to plaintiff, defendant Gladys L. McMichael appeals. Plaintiff cross-appeals from the denial of his motion to amend judgment.

Plaintiff commenced this action by filing a complaint against defendant for breach of contract on April 9, 1976. Defendant answered on June 11, 1976. Defendant took plaintiff's deposition on June 29, 1976. Plaintiff thereafter made a request for admissions which was answered by defendant.

On November 29, 1976, plaintiff moved for summary judgment, supported by affidavits and a brief. Defendants files an affidavit and memorandum in opposition to the motion. The motion came on for hearing before the District Court on December 16, 1976.

On October 18, 1977, the District Court granted summary judgment for plaintiff and awarded him $300 attorney fees. Plaintiff .moved· to amend the judgment to increase the award of attorney fees. Such motion was orally denied by the District Court.

The facts which gave rise to this cause of action are:

On November 7, 1975, plaintiff and defendant executed a standard real estate listing agreement, by which defendant employed plaintiff's service in procuring the sale of her residence. The agreement provided for a 6% commission.

Plaintiff obtained a written offer on a buy/sell agreement from Mr. and Mrs. Thomas Bratlien on December 23, 1975. Defendant accepted the offer and signed the buy/sell agreement the next day. As the buyers were attempting to procure FHA financing, under which a seller is charged discount points, the parties entered into a second buy/sell agreement, adjusting the purchase price of the residence to take this fact into account. The second agreement was signed by the buyers on December 31, 1975, and by defendant on January 3, 1976. This agreement specified the closing date would be February 1, 1976. "* * * or 30 days beyond the said date shall be allowed for completion of financing * * *." Defendant recited in her affidavit that at the time she signed the agreement, plaintiff assured her that financing would be approved within a few days.

A financing commitment was obtained from FHA on February 25, 1976. The following day plaintiff called defendant and informed her the loan had been approved and that he was trying to set March 10, 1976 as the date of closing.

According to defendant's affidavit, plaintiff asked her on March 5, 1976 to sign a document setting the closing date for March 18, 1976, at which time defendant told the plaintiff "the whole deal is off."

The sale was never consummated. Defendant refused to pay plaintiff any commission. This action followed.

The issues on appeal are:

1) Did the District Court err in granting a summary judgment for plaintiff?

2) Did the District Court err in awarding attorney fees?

First, summary judgment is generally proper where "* * * there is no genuine issue as to any material fact and * * *

the moving party is entitled to a judgment as a matter of law." Rule 56(c), M.R.Civ.P.

The burden is on the movant to establish the absence of any genuine issues of material fact. *Bonawitz v. Bourke* (1977), 173 Mont. 179, 567 P.2d 32. Where the record, however, discloses the absence of any genuine issue of material fact, the burden is on the party opposing the motion to come forward with evidence supporting the existence of a genuine issue of material fact to be determined at trial. *Brabender v. Kit Manufacturing Company* (1977), 174 Mont. 63, 568 P.2d 547; *Johnson v. Johnson* (1977), 172 Mont. 150, 561 P.2d 917; *Harland v. Anderson* (1976), 169 Mont. 447, 548 P.2d 613.

Defendant argues there exists an issue of fact regarding the reason for the delay in closing the transaction. Plaintiff testified in his deposition that the closing was slated for March at the request of defendant. Defendant's affidavit suggests it was plaintiff alone who suggested the closing in March. Defendant further argues that she denied in her answer that the buyers had never indicated any intent to "back out" of the transaction. We note the District Court did make this finding of fact: "That any reason for Defendant's failure to complete the transaction were personal to her." Defendant contends this amounted to trying an issue of fact on a motion for summary judgment.

Plaintiff responds this was not an issue of material fact. We agree.

It was admited that defendant signed the listing agreement and the buy/sell agreement, and both documents gave plaintiff until March 1st to close the transaction. Plaintiff submitted affidavits from FHA authorities indicating the financing commitment was obtained on February 25, 1976. At that time, plaintiff had performed the conditions precedent to earning his commission under the listing agreement. He had presented defendant with a "ready, willing and able buyer."

In *Diehl and Associates, Inc. v. Houtchens* (1977), 173 Mont. 372, 567 P.2d 930, this Court stated:

"It is generally accepted law that a real estate broker is entitled to commissions when he has, in pursuance of his employment and within the time specified in the contract of employment, procured a purchaser able, ready and willing to purchase the seller's property on the terms and conditions specified in the contract of employment"

Here, it is not disputed that the financing was committed prior to March 1, 1977, and thus occurred within the time specified in the listing and buy/sell agreements. The parties could have closed the sale at any time after that date. Any dispute occurring after that time is irrelevant for the purpose of determining plaintiff's entitlement to a real estate commission by virtue of the listing agreement. Thus, although there exists a disputed fact in the instant case, we do not deem the factual dispute sufficiently material to preclude summary judgment. The portion of the order of the District Court granting summary judgment for plaintiff is therefore affirmed.

We now discuss the issue of the propriety of the District Court's award of attorney fees.

Plaintiff, in his brief support of summary judgment, requested attorney fees on the grounds that defendant unreasonably refused to make certain admissions on information and belief when the information was readily available to her, and that such fees were specified in the listing agreement. It appears there was no evidence nor affidavits submitted in support of an award of attorney fees at the hearing on the motion for summary judgment. In its findings, conclusions and order granting summary judgment, the district court award attorney fees to plaintiff in the amount of $300. Although the basis for the award is less than clear, the District Court did find that defendant unreasonably refused to make certain admissions, causing needless expense to be incurred by plaintiff.

In his motion to amend judgment of October 25, 1977, plaintiff submitted an affidavit and itemized bill for $799.69 in attorney fees. The District Court denied the motion and let stand the original $300 award. Plaintiff also submitted an affidavit to this

Court setting forth the estimated attorney fees in pursuing this appeal.

Defendant argues that attorney fees should only be awarded upon consideration of the amount and character of the services rendered, in addition to other factors tending to establish a basis for the fees and the reasonableness thereof. *Crncevich v. Georgetown Recreation Corp.* (1975), 168 Mont. 113, 541 P.2d 56. Since *Crncevich* this Court in *State by and through State Highway Commission v. Marsh* (1978), 175 Mont. 460, 575 P.2d 38, has stated the rule to be:

"* * * An award of attorney fees must be based on a hearing allowing for oral testimony, the introduction of exhibits, and an opportunity of cross-examination in which the reasonableness of the attorney fees claimed is demonstrated. * * *"

In light of the authority cited above, it is our view the award of attorney fees herein was clearly improper. It was done without any evidentiary foundation. That portion of the order of the District Court awarding attorney fees to plaintiff is therefore reversed. The cause is remanded to the District Court for an evidentiary hearing on the issue of attorney fees.

The cause is affirmed as to the summary judgment but reversed as to attorney fees.

MR. CHIEF JUSTICE HASWELL, JUSTICES DALY, SHEA and SHEEHY concur.