No. 14532

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

IN RE THE MARRIAGE OF

IRENE LAVERNE GREEN,

                Petitioner and Respondent,

   -vs-

NORMAN SAVILLE GREEN,

                Respondent and Appellant.

---

Appeal from: District Court of the Fourth Judicial District,
           Honorable Edward Dussault, Judge presiding.

Counsel of Record:

    For Appellant:

        Balyeat and Kammerer, Missoula, Montana
        John Balyeat argued, Missoula, Montana

    For Respondent:

        Tipp, Hoven and Skjelset, Missoula, Montana
        Thomas Frizzell argued, Missoula, Montana

---

              Submitted: March 15, 1979

                Decided: APR 1    1979

Filed:    1979

_Thomas J. Kearney_
                   Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Dr. Norman Green appeals from the findings of fact and conclusions of law entered by the District Court of the Fourth Judicial District, Missoula County, the Honorable Edward T. Dussault presiding, relating to the division of the parties' assets in conjunction with their dissolution of marriage. The court, sitting without a jury, heard the matter on two nonsuccessive days. On the first, February 7, 1978, a decree of dissolution was entered pursuant to stipulation of the parties; the April 11, 1978, hearing was confined to questions of the property settlement. The court's findings and conclusions were filed June 23, 1978.

Appellant presents twelve issues for review, many of which are repetitive. Distilled to their essence, they center on the following:

1. Did the District Court equitably apportion the assets of the parties as required by section 48-321, R.C.M. 1947, now section 40-4-202 MCA, of Montana's Uniform Marriage and Divorce Act?

2. Were the findings and conclusions properly made and based on substantial credible evidence?

3. Did the court err in awarding Irene Green maintenance and attorney fees?

4. Did the District Court err in admitting respondent's Exhibit No. 4, substantially prejudicing appellant thereby?

The parties were married December 5, 1969, at which time respondent Irene Green was a cook at a truck stop and appellant was, as now, a physician. Both had been married previously, and each had minor children. Each, too, had

assets: respondent had the seller's interest in a contract for deed on real estate near Lolo, Montana; appellant had $5000 in a Keough retirement plan, owned an airplane, and owned a building used as a medical clinic in Shaunavon, Saskatchewan, Canada, the substantial loans for which were paid off during the marriage.

At the time of their separation, the District Court found that the parties owned the following: the seller's interest in the contract on the Lolo property, the airplane, the clinic, a house on ten acres on Miller Creek in Missoula, and an interest in the Riverside Bar in Hamilton. In addition, Dr. Green had $17,500 in the Keough retirement plan. The parties also had various personal property, which appellant acknowledges was divided evenly. In addition, the parties had debts and liabilities totaling some $127,000.

The District Court divided the property as follows: to Mrs. Green, the seller's interest in the contract for deed on the Lolo property and the half interest in the Hamilton bar, where she works; to Dr. Green, everything else. It appears that each received property best suited to that individual.

Mrs. Green makes her living from the bar--it makes sense that she receive the parties' interest in that property. She had acquired the Lolo property contract for deed from her former husband in lieu of monthly support payments for her two children by that prior marriage--it makes sense that she receive that, also.

Dr. Green is the only one of the pair who has a pilot's license; hence, that he should get the plane is reasonable. He is a physician, who came into the marriage with an interest in the medical clinic; it is reasonable that he keep

that property and the attendant share of the income from it. Likewise, it is economically sensible that he keep his Keough retirement plan.

Mrs. Green moved out of the Miller Creek house at the time of separation. Dr. Green continued to live in the home after the separation. It appears reasonable that Dr. Green should be awarded all of the proceeds from the sale of the home. At the time of the separation, the home was worth at least $82,000.

Appellant had to provide $43,000 to retire the debt owing on the half interest in the Riverside Bar, the $4000 for eight months of maintenance and, perhaps, as will be discussed later, $1500 for costs and attorney fees. That he assume certain of the debts does not appear inequitable. For example, a sizeable loan had been taken out in Mrs. Green's name to pay Dr. Green's arrearages in support owed his wife and offspring from a prior marriage; that he should assume responsibility for that does not appear inequitable and unreasonable. Unclear from the record is the why and the wherefore of some of the loans. We cannot speculate about them, but absent compelling explanations to the contrary, it does not appear inequitable that Dr. Green, the party earning approximately $6000 per month, as opposed to Mrs. Green, who earns well under $1000 per month, is to discharge the obligations.

The situation is not, as appellant suggests, one of leaving him "with some furniture and an old car," while the wife is "sitting on the side laughing." Given the nature of the property to be distributed and with due consideration of the items elaborated in section 48-321, R.C.M. 1947, now section 40-4-202 MCA, it appears that the distribution made

-4-

by the District Court indeed was equitable. It is well settled that "[t]he apportionment made by the District Court will not be disturbed on review unless there has been a clear abuse of discretion as manifested by a substantially inequitable division of the marital assets resulting in substantial injustice." In re Marriage of Brown (1978), ____ Mont. ____, 587 P.2d 361, 364, 35 St.Rep. 1733, citing inter alia, In re Marriage of Blair (1978), ____ Mont. ____, 583 P.2d 403, 405, 35 St.Rep. 1256, and Eschenburg v. Eschenburg (1976), 171 Mont. 247, 557 P.2d 1014, 1016, 33 St.Rep. 1198.

In the instant case, no clear abuse of discretion is manifest; there has been no substantially inequitable division of the marital assets resulting in substantial injustice to either party. The District Court is affirmed as to the division of the parties' property.

Considering the second issue, after reviewing the transcript of proceedings, we find that the findings and conclusions are based on substantial credible evidence. It is true that some of the findings of fact are more properly conclusions of law and vice versa, but a mislabeling such as has occurred here will not form the basis for repudiating the determinations of the District Court. Appellant has suffered no substantial injustice as a result of the mis-labeling. Such error is harmless and may not be used to defeat the judgment. The District Court will not be re-versed for harmless error, e.g., Halko v. Anderson (1939), 108 Mont. 588, 593, 93 P.2d 956, 959, and the cause will not be remanded in those cases wherein the eventual result must be the same. Green v. Green (1978), ____ Mont. ____, 579 P.2d 1235, 1237, 35 St.Rep. 800.

The third issue concerns the award of maintenance and attorney fees to Mrs. Green. A court may grant maintenance for either spouse only if it finds that the spouse seeking maintenance meets two conditions: (1) he or she lacks sufficient property to provide for his or her reasonable needs; and, (2) is unable to support himself or herself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodial parent not be required to seek employment outside the home. Section 48-322(1)(a), (b), R.C.M. 1947, now section 40-4-203(1)(a), (b) MCA. Furthermore, in making the award, the court is prohibited from considering any marital misconduct of the parties, but must consider the following:

> "the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;
>
> "the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;
>
> "the standard of living established during the marriage;
>
> "the duration of the marriage;
>
> "the age, and the physical and emotional condition of the spouse seeking maintenance; and
>
> "the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance." Section 48-322(2)(a)-(f), R.C.M. 1947, now section 40-4-203(2)(a)-(f) MCA.

In this case, the District Court twice refers to the maintenance award:

> "18. The Respondent should pay and the Petitioner is awarded the sum of $500.00 per month for the care and support of Petitioner beginning June 1, 1977, and through the month of January 1978 for a total sum of $4,000.00."

-6-

"3. That Petitioner with no formal education past high school, having no work experience during the marriage of note, suffering from a progressive disabling disease of ulcerative colitus as diagnosed by Respondent, and unable to hold gainful employment greater than several shifts per week as a bartender and shall experience a low and reducing rate of personal income hereafter."

Based on the latter, a finding mislabeled a conclusion, the District Court had ample foundation for making the short term maintenance award and did so in sufficient compliance with statutory mandate.

Section 48-327, R.C.M. 1947, now section 40-4-110 MCA, states:

"The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this act and for attorney's fees including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name."

As to the award of attorney's fees, the District Court found:

"19. That Respondent should pay toward the Petitioner's attorney fees and the Petitioner is hereby awarded the sum of $1,500.00 as for and towards the Petitioner's attorney fees and costs in this matter."

"11. The Respondent should be ordered and is hereby required to pay the sum of $1,500.00 towards the Petitioner's attorney fees and costs of suit incurred."

The District Court determined that appellant is "a trained, licensed and practicing medical doctor, age 53, without any claimed physical or mental impairment, with earnings of approximately $6,000.00 per month" who "shall continue to have a high rate of personal income." The record supports these determinations. In contrast, the wife, who had no formal education beyond high school and no significant employment experience during the parties'

-7-

marriage, suffers from ulcerative colitis and is unable to hold gainful employment other than working several shifts as a bartender. Her income nowhere approaches that of appellant and, as the District Court found, it will gradually diminish as she ages and the disease progresses. Clearly the court considered the financial resources of both parties. Under these circumstances, an award of $1500 toward payment of her attorney fees and costs does not appear so inequitable as to mandate reversal.

We have held, however, that evidence must be introduced to support an award of attorney fees. As stated in State Highway Comm'n v. Marsh (1978), ___ Mont. ___, 575 P.2d 38, 43, 35 St.Rep. 105, 110, ". . . An award of attorney fees must be based on a hearing allowing for oral testimony, the introduction of exhibits, and an opportunity to cross-examine in which the reasonableness of the attorney fees claimed is demonstrated. . ." As in Marriage of Barron (1978), ___ Mont. ___, 580 P.2d 936, 938, 35 St.Rep. 891, 894:

> "We find a lack of evidence that would satisfy
> the requirements of Crncevich v. Georgetown Rec.
> Corp. (1975), 168 Mont. 113, 541 P.2d 56, and
> First Security Bank of Bozeman v. Tholkes (1976),
> 169 Mont. 422, 547 P.2d 1328, to support the
> award of attorney fees in the judgment."

As in Barron and Hollinger v. McMichael (1978), ___ Mont. ___, 580 P.2d 927, 35, St.Rep. 856, the cause must be remanded to the District Court for an evidentiary hearing on the question of attorney fees.

Finally, appellant complains of error in the admission of respondent's Exhibit No. 4, used to show the income of the Riverside Bar where respondent was working. Appellant objected to its admission on the grounds (1) that Mrs. Green

-8-

could testify to the matters contained therein; (2) that he had no opportunity to examine the bookkeeper who prepared it; (3) that it had no relation to the case; and (4) that it was very misleading.

The District Court specifically stated that the exhibit was being admitted only for the purpose of showing the wife's net income. Immediately prior to its introduction, Irene Green testified twice, without any objection, as to the income she received from the bar during an eight-month period in 1977. Thus, the information was before the court for its consideration even before the introduction of the exhibit.

We need not decide whether there was error in the admission of this exhibit, for even were there error, it was not prejudicial to appellant, affecting his substantial rights so as to be made the basis for reversal. Rule 61, M.R.Civ.P. Harmless error will not be made the basis for reversal, e.g., Halko v. Anderson, 108 Mont. at 593, 93 P.2d at 959. For the District Court to be reversed for improperly admitting evidence, substantial prejudice to the complaining party must be shown. Rule 103, Mont.R.Evid., states that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected. . ." Appellant has made no showing that a substantial right has been affected to his detriment so as to warrant reversal.

The judgment is affirmed, except as noted above regarding remand to the District Court for an evidentiary hearing on the question of attorney fees and costs.

John Conway Harrison
Justice

We concur:

_____
               Chief Justice

_____


_____
               Justices