A. P. HOLLINGER, D/B/A HOLLINGER REALTY, PLAINTIFF AND APPELLANT, *v.* GLADYS L. McMICHAEL, DEFENDANT AND RESPONDENT.

No. 14600.
Submitted on Briefs April 5, 1979.
Decided May 16, 1979.
594 P.2d 1120.

George, Williams & Benn, Missoula, for plaintiff and appellant.
Skelton & Knight, Missoula, for defendant and respondent.

MR. JUSTICE HARRISON delivered the opinion of the Court.

Plaintiff appeals the determination of the District Court, Fourth Judicial District, Missoula County, refusing to award his counsel attorney fees for work done on a successful appeal and post-appeal matters.

This action began April 9, 1976, on which date plaintiff filed a complaint against defendant for a breach of a real estate listing contract. The District Court granted plaintiff's motion for summary judgment on October 18, 1977. Defendant appealed the ruling on the motion for summary judgment, and plaintiff cross-appealed the court's failure to amend that portion of the judgment concerning attorney fees. This Court considered the matter and, on June 19, 1978, affirmed the summary judgment. That portion of the judgment awarding attorney fees was reversed, and the matter remanded to the District Court for an evidentiary hearing. *Hollinger v. McMichael* (1978), 177 Mont. 144, 580 P.2d 927.

The District Court presided over a hearing on September 21, 1978. On September 28, 1978, judgment was entered awarding attorney fees for services rendered through the time of hearing on the motion for summary judgment. In its judgment, the District Court stated: "[t]he Supreme Court did not allow costs or attorney fees on appeal to either side. Therefore, the itemized costs and fees on appeal by Plaintiff are hereby denied." Plaintiff appeals the refusal to award fees for services rendered in the appeal and in conjunction with the evidentiary hearing.

Only one issue is presented on appeal: Did the District Court err in refusing to award attorney fees for the additional work? If so, what amount should be awarded?

We find that the trial court erred in refusing to award attorney fees for the additional work done on the appeal. Here, defendant, in appealing the summary judgment decision of the District Court, put plaintiff to the expense of an appeal in this Court. Defendant failed to overrule the judgment of the District Court. See, *Hollinger v. McMichael*, supra. The District Court erred in denying plaintiff's request for fees incurred by the appeal. Plaintiff is enti-

tled to the reasonable fees which resulted from defendant's breach of the listing agreement.

The record shows that plaintiff submitted to the District Court an affidavit showing 58½ hours of work for a total of $2,071.88 in attorney fees and $128.38 in costs, which we find reasonable.

The judgment of the trial court is reversed, and a judgment for $2,071.88 attorney fees plus $128.38 costs is hereby awarded.

MR. JUSTICE DALY and SHEEHY concur.

MR. CHIEF JUSTICE HASWELL specially concurring:

I concur in the foregoing opinion, but want to make it clear that the basis for awarding attorney fees in this case is a provision in the real estate listing agreement between the parties providing for such award.

MR. JUSTICE SHEA specially concurring:

I concur in this opinion on the same basis as does Chief Justice Haswell.