No. 80-384

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

———————————

CLIFFORD O. WILSON,

Petitioner and Appellant,

vs.

TEENA BEAN,

Respondent.

———————————

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Ravalli.
Honorable James B. Wheelis, Judge presiding.

Counsel of Record:

For Appellant:

Persson and Weber, Hamilton, Montana

For Respondent:

Charles H. Recht, Hamilton, Montana

———————————

Submitted on briefs: February 17, 1981

Decided: MAY 19 1981

Filed: MAY 19 1981

<u>Thomas J. Kearney</u>
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court

Petitioner Clifford O. Wilson appeals from an order entered in District Court, Ravalli County, awarding attorney fees and costs to his ex-wife Teena Bean. The award was entered pursuant to proceedings brought by Clifford Wilson to establish visitation rights, following dissolution of the marriage.

The marriage of Clifford O. Wilson and Teena Bean was dissolved in the State of Washington in 1974. Teena Bean was awarded custody of their one child, Christopher Wilson. Clifford Wilson was granted visitation for a period of one month to six weeks each summer. Clifford Wilson and Teena Bean subsequently moved to Ravalli County, Montana, and established informal visitation procedures concerning Christopher. Following a disagreement over visitation, Clifford Wilson filed a petition in District Court, seeking either custody or a schedule of visitation.

A hearing was held on August 15, 1980. The district judge found: (1) Teena Bean had insufficient financial resources to pay reasonable attorney fees and costs; (2) the action was brought by Wilson with the intent to harass and vex Bean; (3) Bean was entitled to an award of attorney fees and costs; and (4) Wilson was entitled to reasonable visitation rights. Wilson was ordered to pay Bean $1,490 for attorney fees and $20 in costs.

Petitioner Wilson raised two issues on appeal:

1) Does the evidence support the District Court's finding that the action was brought to vex and harass the respondent, thus allowing an award of attorney fees pursuant to section 40-4-219, MCA?

2) Does the evidence support the District Court's finding that Teena Bean had insufficient financial resources and was entitled to attorney fees pursuant to section 40-4-110, MCA?

The judgment does not specify whether fees were awarded pursuant to only one or both of the statutes. But we determine

that there is sufficient evidence to support the finding of insufficient financial resources. Therefore we affirm the award on that basis, and find it unnecessary to address the question of vexatious and harassing litigation.

In order to be awarded fees pursuant to section 40-4-110, MCA, the petitioning party must make a showing of necessity. Knudsen v. Knudsen (1980), _____Mont._____, 606 P.2d 130, 135, 37 St.Rep. 147, 153. The award must be reasonable, and must be based on competent evidence. Bier v. Sherrard (1981), _____Mont. _____, 623 P.2d 550, 554, 38 St.Rep. 158, 163; Green v. Green (1979), _____Mont._____, 593 P.2d 446, 450, 36 St.Rep. 708, 713. Reasonableness is shown by means of a hearing allowing for oral testimony, the introduction of exhibits, and the opportunity to cross-examine. Sherrard, supra. The award will not be disturbed by this Court if it is supported by substantial evidence. Kaasa v. Kaasa (1979), _____Mont._____, 591 P.2d 1110, 1114, 36 St.Rep. 425, 430.

The evidence presented at the August 15 hearing indicated that Teena Bean was without resources. She testified that she was in debt and living on borrowed funds, and that her husband was presently away from home looking for work. Clifford Wilson testified that he was not presently employed, but lived on his civil service retirement.

Petitioner-husband contends that Teena Bean has ample resources, pointing to Teena's earning capacity, her husband's assets, and the fact that she has apparently supported herself since the dissolution. He did cross-examine her about her husband's assets, but presented no testimony to refute her showing of need, or to show that he lacked resources to pay the award.

Teena Bean's attorney testified that he had expended 29.8 hours at $50 an hour, and outlined his services for the court. He called Mr. McKenna, another Ravalli County attorney, to testify

as to the normal fees charged. Mr. McKenna indicated that $50 an hour was usual and reasonable. He was not cross-examined by petitioner-husband.

In sum, we find there was sufficient evidence presented as to the necessity of the fees, and as to the reasonableness of the fees. We will not overturn the District Court if the findings are supported by substantial evidence.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____
Justices


Mr. Justice Daniel J. Shea will file a special concurring opinion later.