No. 87-268

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

IN RE THE MARRIAGE OF
MARJORIE A. STEVENS DOW,

       Petitioner and Appellant,

and

KENNETH WILLIAM DOW,

       Respondent and Respondent.

---

APPEAL FROM:  The District Court of the Fourth Judicial District,
In and for the County of Ravalli,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Paulette C. Ferguson, Missoula, Montana

    For Respondent:

        Charles H. Recht, Hamilton, Montana

---

Submitted on Briefs:  Nov. 24, 1987

Decided:  February 22, 1988

Filed FEB 2 2 1988

*Ethel M. Harrison*

---

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.


Marjorie Stevens Dow filed a petition for dissolution of marriage. After a hearing, the District Court, Fourth Judicial District, Ravalli County entered findings of fact and conclusions of law and an order on February 26, 1987. Petitioner appeals. We affirm in part, reverse in part and remand with instructions.

The issues on appeal are:

1. Did the trial court err by failing to award wife any share of husband's assets acquired before the marriage?

2. Did the trial court err by failing to award wife maintenance?

Marjorie A. Stevens and Kenneth W. Dow were married on January 12, 1983. This was the third marriage for both of them and the second marriage to each other. After 3 years this last marriage was dissolved on February 18, 1986.

Wife is 66 years of age and in fair health but with progressive vision difficulties. She is not employed now but worked in clerical positions for several years. She owns her home.

Husband is 70 years of age and also in fair health. He suffered a heart attack in 1982 and had surgery, but appears to have fully recovered. His income is a pension he receives as a retired law enforcement officer.

The wife came into the marriage with her own home worth $105,000, Guarantee Security life certificates worth $31,000, and miscellaneous furniture and other assets. The husband came into the marriage with his pension, and some escrow accounts, two vehicles worth $9,000, and a checking account

of $18,000. He also has an investment account worth $70,000 for the children from his first marriage.

Two weeks after the parties' remarriage both executed wills to which waivers signed by the other party were attached. The following waiver by the wife was entered into evidence:

## WAIVER

I, MARJORIE STEVENS DOW, hereby specifically waive my right as a surviving spouse to ALL RIGHTS in the property or estate of my husband, KENNETH W. DOW, except such property, if any, which I may acquire as a surviving joint tenant of my husband, and such property as may be specifically devised by me. It is my intention by this Waiver to also waive my rights to the elective share, homestead allowance, exempt property and family allowance from the property or estate of my husband.

DATED this 24th day of January, 1983.

The District Court divided the estate by returning each party's property to them. No maintenance was awarded.

The District Court in its finding of fact no. 20 found that the wife had stated she would make no claim against the husband's property and that she signed a release to that effect, referring to the waiver. Appellant contends that the court improperly interpreted this waiver and that it improperly influenced the court's property division and the decision to refuse maintenance. We agree.

The waiver in question is a waiver of all rights to the husband's property that the wife may have at his death.

Section 72-2-102, MCA, in Montana's version of the Uniform Probate Code, reads as follows:

The right of election of a surviving spouse and the rights of the surviving spouse to homestead allowance, exempt property, and family allowance or any of them may be waived, wholly or partially, before or after marriage, by a written contract,

agreement, or waiver signed by the party waiving after fair disclosure. Unless it provides to the contrary, a waiver of "all rights" (or equivalent language) in the property or estate of a present or prospective spouse or a complete property settlement entered into after or in anticipation of separation or divorce is a waiver of all rights to elective share, homestead allowance, exempt property, and family allowance by each spouse in the property of the other and a renunciation by each of all benefits which would otherwise pass to him from the other by intestate succession or by virtue of the provisions of any will executed before the waiver or property settlement.

A reading of the official comments to this section reveals that one of the purposes of this statute is to ensure parties who enter into second and later marriages that the property brought into the second marriage from the first marriage will go to issue of the prior spouse instead of to a later spouse.

A survey of Montana and other jurisdictions adopting the Uniform Probate Code reveals no case on point. It is clear, however, that the kind of waiver involved here was meant to operate upon the death of the spouse and not in the event of marriage dissolution. Wife waived her rights "as a surviving spouse." She is not a surviving spouse. It is the law of judicial construction that if the language of a contract or agreement is clear on its face the court must enforce it as it is written. Wortman v. Griff (1982), 200 Mont. 528, 536, 651 P.2d 998, 1002; Schulz v. Peake (1978), 178 Mont. 261, 267, 583 P.2d 425, 428; Gropp v. Lotton (1972), 160 Mont. 415, 421, 503 P.2d 661, 664.

We hold that it was error for the District Court to consider the waiver as a release from the wife of all claims to the marital property in the event of a dissolution.

In addition to her argument on the waiver, appellant argues that she is entitled to a greater share of the marital

assets because the couple lived in her home, thereby saving the husband rent and contributing significantly to the maintenance of his assets. Because of this contribution on her part the husband was able to save about $1,000 per month and to increase his bank account accordingly.

When dividing property acquired before the marriage the court must consider the nonmonetary contribution of the homemaker and the extent to which this contribution has helped maintain prior-acquired property. Section 40-4-202, MCA. In Re Marriage of Jacobson (1979), 183 Mont. 517, 521-22, 600 P.2d 1183, 1186. The District Court found that the wife did not contribute significantly to the preservation of the husband's property and was not persuaded by wife's argument that the husband saved significant amounts of money by living in her home. There is substantial evidence that a large amount of the monies in husband's accounts came from transferring between other accounts and the cashing in of some investments. The District Court did not abuse its discretion with regard to these findings.

Appellant also faults the court's finding that wife did not resign from her job at her husband's request. She argues that her resignation was in reliance on the marriage and is a valid factor the court must consider to divide the property equitably. There was conflicting testimony on this point. This Court will not substitute its discretion for that of the trial court. The evidence is sufficient to uphold this finding.

Although we hold that the District Court erred in considering the waiver, it was harmless, and we affirm the court's division of property.

For her second issue, appellant asks that we hold that the trial court abused its discretion in not awarding her maintenance. The trial court found that the wife had

- 5 -

sufficient property under § 40-4-203, MCA, to provide for her reasonable needs.

The main asset of the wife is her home which is a non-income producing asset. The term "sufficient property" has been interpreted by this Court to mean income-producing property. In re Marriage of Laster (1982), 197 Mont. 470, 477, 643 P.2d 597, 601. Although the wife's total property award amounts to $145,500.00, she receives only $3,462.97 per year from it as income. She additionally receives $3,000.00 per year from Social Security. Even with this supplemental income, this may not be sufficient to support her.

For an award of maintenance a spouse must lack sufficient property and be unable to support himself through employment. Section 40-4-203, MCA. The trial court found that the wife was employable. While there is evidence of her employability before the marriage there is almost no evidence as to her current employability. This needs clarification. We reverse and remand for a redetermination of the award of maintenance consistent with this opinion.

Affirmed in part, reversed in part and remanded with instructions.

_____
Justice

We Concur:

_____
_____
_____
Justices

- 6 -

Mr. Justice L. C. Gulbrandson, dissenting.

In my opinion, the majority has misconstrued the rulings and findings of the trial court in holding that it was error for the trial judge to consider the described waiver as a release of all claims to the marital property in the event of a dissolution of marriage. The pertinent portions of findings of fact no. 20 are as follows:

> . . . Wife stated to Husband and to Husband's children that each of the parties would maintain separate property. Wife also stated that she would never make a claim on Husband's property and releases were signed to that effect and attached to the wills prepared by the parties . . .

Nowhere in the findings of fact, conclusions of law and order did the trial judge indicate that he considered the signed release as a waiver of all claims in the event of a dissolution. It is obvious that he referred to the signed releases only after he found that the wife had stated to husband and his children that each party would maintain separate properties and that she would never make a claim on husband's property. In findings of fact no. 23, the trial judge found:

> Due to the short duration of the marriage, the parties' intention not to make a claim against the other's property and the fact that the property of the marital estate was largely acquired prior to the marriage, it is equitable that each party's property be returned to them.

I do not disagree with the majority's comments regarding § 72-2-102, MCA, although they seem superfluous in light of the majority's affirmance of the order that "each party's property be returned to them."

I do disagree, however, with the reversal of the order denying maintenance to the wife and the remand for clarification of wife's current employability. The record discloses that wife has a substantial checking account, a vacant lot valued at $15,000, a residence valued at $90,000, automobile, and investment certificates valued at $31,000. There is substantial evidence in the record to support finding of fact no. 25.

> Wife is not entitled to maintenance as the property distribution provides for her reasonable needs and she is able to obtain limited employment.

I would affirm.

_____
Justice

Mr. Chief Justice J. A. Turnage and Mr. Justice R. C. McDonough join in the forgoing dissent of Mr. Justice L. C. Gulbrandson.

_____
Chief Justice

_____
Justice

8