No. 96-189

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

IN RE THE MARRIAGE OF

WILLIAM R. LIERMANN,

              Petitioner & Respondent,

and

NADINE P. LIERMANN,

              Respondent & Appellant.

FILED

OCT 24 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell C. Fagg, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

           Virginia A. Bryan, Wright, Tolliver & Guthals,
Billings, Montana

      For Respondent:

           Kevin T. Sweeney, Sweeney & Healow, Billings,
Montana


Submitted on Briefs:  October 10, 1996

Decided:  October 24, 1996

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

This is an appeal from the Findings of Fact, Conclusions of Law and Order of the Thirteenth Judicial District Court, Yellowstone County, in a domestic relations case. We affirm.

## Background

On December 7, 1995, after a bench trial, the Hon. Russell C. Fagg, District Judge, entered his Findings of Fact, Conclusions of Law and Order which, among other things, dissolved the parties' 25 year marriage, awarded maintenance and distributed their marital property. Nadine filed this appeal raising as the sole issue the question of whether the trial court had correctly valued and distributed Roger's non-vested pension rights with Pittsburgh Paint & Glass Corporation (PPG). The facts, to the extent pertinent, are set forth in our opinion.

## Discussion

We review the trial court's division of property in marital dissolution proceedings to determine whether the court's findings of fact are clearly erroneous. Where substantial evidence supports the court's findings and judgment, this Court will not alter the district court's decision unless there is an abuse of discretion.

In re Marriage of Griffin (1996), 275 Mont. 37, 43, 909 P.2d 707, 710-11 (citations omitted). The test for abuse of discretion is "whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice." In re Marriage of Tonne (1987), 226 Mont. 1, 3, 733 P.2d 1280, 1282 (quoting in re Marriage of Rolfe (1985), 216 Mont. 39, 45, 699 P.2d 79, 83 (Rolfe I)).

On the basis of the testimony and evidence presented at trial, the court awarded Nadine $500.00 per month maintenance for one year and divided the parties' net worth $125,917.50 (43.2%) to Roger and $164,981.50 (56.8%) to Nadine. The court determined to make this unequal property division on the unique facts of this case, including Nadine's greater need for assets which could be liquidated to produce income for her in lieu of additional maintenance and because the court included in its valuation the interest in a residence and lot deeded to Nadine by her father, while not including the premarital interest in Roger's Sherwin-Williams retirement account and the PPG retirement account.

The maintenance award and this property division are not otherwise contested except as to the PPG retirement account. Roger was employed with Pittsburgh Paint & Glass Corporation (PPG) during the marriage from 1985 to the time of trial. With respect to this employment the court made the following finding of fact:

> 7. Roger participates in a retirement plan with Pittsburgh Paint & Glass Corporation. This benefit has no value because it has not vested. Under the retirement plan offered to employees by Pittsburgh Paint & Glass Corporation, the employee has no interest in this plan whatsoever until completing 10 years of continuous

3

service. At the time of trial, Roger had 8 1/2 years of continuous service. Because of the property division and maintenance arrangement contemplated by the Court; and because this asset has not vested, the Court believes it is equitable to place no value on this expectancy for purposes of property division.

Nadine argues that the trial court erred in not placing a value on the PPG retirement account and in failing to make provisions to divide any benefits from the account ultimately received by Roger according to the "time rule" first discussed in Rolfe I, 699 P.2d at 83, and then after remand, in more detail, in Rolfe v. Rolfe (1988), 234 Mont. 294, 296-300, 766 P.2d 223, 225-27 (Rolfe II).

Roger does not dispute that non-vested pension rights are a form of marital asset to be valued and divided by the court. Roger maintains, however, that, at the time of trial the PPG retirement account did not, in fact, have any value because the account had not vested and, moreover, while the court had sufficient evidence to apply the "time rule," it chose not to do so given the facts of this case. Roger contends that based on the trial evidence and assuming vesting of the PPG pension, application of the "time rule" would have produced a benefit of $127.00 per month, less tax withholding, to be paid to Nadine commencing in the year 2008.

Clearly, non-vested pension rights are a marital asset that are to be considered, valued and distributed by the trial court in marital dissolution proceedings. See, e.g., In re Marriage of Laster (1982), 197 Mont. 470, 643 P.2d 597; Rolfe I, 699 P.2d at 83; Rolfe II, 766 P.2d at 225. In this case, it is equally clear that the trial court took Roger's non-vested pension rights into

4

consideration and that it effectively distributed those rights to him. What the trial court did not do is place a monetary valuation on this marital asset. While under our case law the court should have done that, we conclude that, under the circumstances here, the court's failure to do so was not an abuse of discretion and, therefore, did not constitute reversible error.

Both parties cite our decision in Glasser v. Glasser (1983), 206 Mont. 77, 669 P.2d 685, wherein we adopted from Matter of the Marriage of Rogers and Rogers (1980), 45 Or.App. 885, 609 P.2d 877, guidelines as to the division of retirement benefits in marital dissolution cases. We stated that:

> (1) The distribution should generally be based on the contributions made during the marriage.
>
> (2) The courts should continue to strive to disentangle the parties as much as possible by determining, where equitable, a sum certain to be paid rather than a percentage based upon expected future contingencies.
>
> (3) In determining whether a lump sum award is appropriate, courts should consider the burden it would place on the paying spouse in view of required child support, spousal support, and other property distribution.
>
> (4) Where courts determine that the parties will share in the benefits on a proportional basis, the parties should also share the risks of future contingencies, e.g., death of the employe [sic] spouse or delayed retirement of the employe [sic] spouse, and payment should be to the receiving spouse as the employe [sic] spouse receives the retirement pay.
>
> (5) Courts should consider, where appropriate, an award of a portion of retirement benefits where other property awarded is not adequate to make an equitable distribution.

Glasser, 669 P.2d at 689.

5

Nadine argues that the court should have followed guideline (4), while Roger maintains that (2) and (5) are reasonable alternatives under the facts of this case. We agree with Roger.

In this case, the trial court determined that Nadine had demonstrated a greater need for assets which could be liquidated to produce income for her in lieu of additional maintenance. The court also found that the property Nadine had been awarded along with gifts she had received from her father--an elderly gentleman for whom Nadine was providing around-the-clock care--did not entirely provide her with sufficient income to meet her monthly expenses. Moreover, the court anticipated that Nadine might require additional job training costing some $6,000.00 and taking several months of study in order to secure future employment.

Given her immediate need for income and assets which could be liquidated to produce income, it would have, as a practical matter, made little sense for the court to award Nadine a portion of a retirement benefit that, assuming it vested, would not have been available for some thirteen years in the future and would have produced a relatively insubstantial monthly income.

Based upon the facts of this case, the trial court correctly attempted to "disentangle the parties" by payment of a sum certain "rather than a percentage based upon expected future contingencies," and by making an equitable, albeit lopsided, property division in favor of Nadine in lieu of awarding her a portion of the non-vested PPG retirement benefits. See, Glasser, 669 P.2d at 689.

6

Under the circumstances of this case and based upon the record on appeal, we hold that the court's findings of fact were not clearly erroneous and that it did not abuse its discretion in dividing the parties' marital property in the manner which it did.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7

October 24, 1996

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Virginia A. Bryan, Esq.
Wright, Tolliver and Guthals, P.C.
P.O. Box 1977
Billings, MT  59103

Kevin T. Sweeney, Esq.
Sweeney & Healow
1250 15th Street West, Ste. 202
Billings, MT  59102

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *D. Gallagher*
Deputy