Leslie WERNBERG, Appellant,

v.

STATE of Alaska and City of Anchorage, Appellees.

No. 1797.

Supreme Court of Alaska.

Feb. 27, 1974.

Norman C. Gorsuch, Atty. Gen., Juneau, and Malcolm L. McCain, Asst. Atty. Gen., Anchorage, for appellee State of Alaska.

Before RABINOWITZ, C. J., and ERWIN, and BOOCHEVER, JJ.

## OPINION ON REHEARING

ERWIN, Justice.

This court rendered a decision favorable to appellant Wernberg on December 10, 1973 (Op.No.972) 516 P.2d 1191. Appellee State of Alaska, petitioner herein, timely filed this petition for rehearing on December 20, 1973,[1] alleging that the court failed to consider "directly controlling alternative legal principle[s]" advanced by the state on appeal. Because the issues presented in the appeal were of first impression and had possible widespread application, the allegations of the state are discussed herein.

The state points out initially that in its appeal brief it relied upon alternative legal arguments in contending that Wernberg should not be compensated for loss of water access. These were: (1) there is no private littoral right to use public waters for navigation in Alaska; and (2) if such a right exists, article VIII, section 14 of Alaska's Constitution allows the state to limit such right, by way of regulation, "to vessels capable of passing through six foot openings" without paying compensation. The state concedes that the first argument

was disposed of by the opinion,[2] but contends that its alternative position was not considered by this court due to erroneous characterization of that position as reliance upon the expanded navigation servitude doctrine expressed in Colberg, Inc. v. State, 67 Cal.2d 408, 62 Cal.Rptr. 401, 432 P.2d 3 (1967).

In its instant petition the State of Alaska contends that it did not rely on Colberg; that case was cited in its brief merely as illustrative of the manner in which a constitutional provision similar to our own article VIII, section 14 might properly be interpreted. Its basic argument was that the grant of power contained in article VIII, section 14 is sufficient, standing alone, to authorize state regulation of a private littoral right of access to any degree consistent with accomplishment of any beneficial public purpose.[3] Since this is "regulation" rather than "taking", the state would be under no obligation to compensate aggrieved littoral owners. The state complains here that this argument was never considered by this court due to confusion of that argument with the Colberg doctrine.

The Colberg doctrine resulted from combination of traditional navigation servitude theory with a specific constitutional grant of power over navigable waterways. Under traditional theory the state, through its inherent police power, burdens all waterfront land with a servitude in aid of water navigation. In exercising this servitude the state may take private water rights, without compensation, in aid of public projects improving water navigation,

1. Alaska R.App.P. 27(b) states that the petition "must be filed within ten (10) days after judgment".

2. Throughout its petition the state chooses to call the "private littoral right of access" described in *Wernberg* a "private property right of navigation". The state's misunderstanding of the nature of the right might account for its uncertainty regarding the fate of its legal arguments in the previous appeal.

3. Alaska Const. art. VIII, § 14 states:
*Access to Navigable Waters.* Free access to the navigable or public waters of the State, as defined by the legislature, shall not be denied any citizen of the United States or resident of the State, except that the legislature may by general law regulate and limit such access for other beneficial uses or public purposes.

absent physical trespass on waterfront land. The California Constitution contains an independent grant of broad proprietary authority to the state, as trustee for the people, over all navigable waters in the state.[4] In *Colberg*, the California Supreme Court combined the navigation servitude with this constitutional grant to find an expanded "servitude" allowing a non-compensable, non-trespassory taking of private water rights in aid of any beneficial public project.[5]

Comparison of the *Colberg* doctrine with the argument advanced by the State of Alaska indicates that the state was indeed relying on that part of *Colberg dealing* with interpretation of a constitutional grant of authority over navigable state waters. The respective constitutional provisions involved are strikingly similar;[6] the only difference in reasoning is that where the *Colberg* majority ultimately found it necessary to combine the navigation servitude with the constitutional grant in order to justify taking without compensating, the State of Alaska would justify "regulating" without compensating under a similar constitutional grant without resort to navigation servitude support.

Turning to this court's opinion in *Wernberg*, it appears that the state's argument was neither overlooked nor misstated. At page 1196 of the opinion in 516 P.2d it is stated that " . . . the state presses for the public purpose rule [of navigation servitude]." Perhaps this language is less than accurate. However, the state in its brief argued that " . . . the constitutionally granted authority to regulate and limit navigation is not restricted to acts in aid of navigation . . . ", but extends to " . . . regulation and limitation by the State for other beneficial uses or public purposes." It seems that the state's argument, given its choice of words, might fairly be characterized as favoring a "public purpose rule" under constitutional authority that is substantially identical to the public purpose rule under navigation servitude doctrine.

The state's argument is explicitly set out and discussed at pages 1197–1198 of the *Wernberg* opinion in 516 P.2d. Furthermore, this court substantially accepted the state's constitutional argument.

We find the state's argument persuasive in that the Alaska Constitution does indeed allow the state to take riparian or littoral property rights for "beneficial or public uses" other than in aid of water navigation.[7]

The state further seeks rehearing because it claims the court erred in equating "regulating and limiting" a right of access to "taking" such a right. The state evidently feels that since no explanation of this variance in language appears in the opinion, this court must have failed to consider the distinction and therefore erroneously interpreted the state's position.

▪ It should be clear that this court concluded, under the facts of this case, that "limiting" access to vessels able to

---

4. California Const. art. XV, § 2 provides: *People Shall Always Have Access to Navigable Waters.* No individual, partnership, or corporation, claiming or possessing the frontage or tidal lands of a harbor, bay, inlet, estuary, or other navigable water in this State, shall be permitted to exclude the right of way to such water whenever it is required for any public purpose, not to destroy or obstruct the free navigation of such water; and the Legislature shall enact such laws as will give the most liberal construction to this provision, so that access to the navigable waters of this State shall be always attainable for the people thereof.

5. Colberg, Inc. v. State, 67 Cal.2d 408, 62 Cal.Rptr. 401, 432 P.2d 3, 8–12 (1967).

6. See notes 3 and 4, *supra*.

7. Opinion, at 1198. This court carefully examined and ultimately rejected the balance of the state's argument—that authority to take such rights means authority to do so without compensation. Opinion, at 1198–1199.

pass through a culvert six feet in diameter is, in effect, a "taking" of such access.[8]

The petition for rehearing is denied.

CONNOR and FITZGERALD, JJ., not participating.

---

8. The state also claims that a third alternative argument was overlooked by this court. The argument, as described in the petition, is that the state is a "private downstream owner" with the right to use its property in any lawful manner, even when such use "limits passage to certain vessels used in the past by upstream owners." We decline to consider this argument, since it was not raised on appeal. Watts v. Seward School Bd., 423 P.2d 678, 679 (Alaska 1967).