**Thomas A. ROSSON, d/b/a Rosson & Company, Appellant,**

v.

**Bruce H. BOYD, Appellee.**

**No. S–775.**

Supreme Court of Alaska.

Oct. 31, 1986.

James A. Parrish, Parrish Law ᵉᵉ, Fairbanks, for appellant.

William R. Satterberg, Jr., F⸍ appellee.

Before RABINOWIᵀ BURKE, MATTHEWᵖ MOORE, JJ.

## OPINION ON REHEARING

RABINOWITZ, Chief Justice.

The petition for rehearing in this case involves the issue of awarding attorney's fees for an appeal of an action to foreclose a mechanic's lien. Thomas Rosson, a contractor, filed suit against Bruce Boyd for failure to pay him for the work he performed in building Boyd's home. The jury awarded judgment to Rosson, and the superior court awarded Rosson attorney's fees of $20,328. Boyd appealed the award of attorney's fees as an abuse of discretion, and Rosson cross-appealed, arguing that he is entitled to $27,847.50 in attorney's fees by virtue of AS 34.35.005(b).[1] We held that Rosson was entitled to reasonable attorney's fees under AS 34.35.005(b), and remanded the case because it was unclear whether the superior court had considered the statute in determining its $20,328 award. 713 P.2d 800. Our disposition of the case included an award to Rosson of $750 in attorney's fees for the appeal.

Rosson then petitioned for rehearing, arguing that "a full reasonable attorney fee" should include full reasonable fees on appeal. We granted the petition, and ordered briefing as to the two issues addressed herein.

## I. ATTORNEY'S FEES ON APPEAL.

The first issue is whether AS 34.35.005(b) authorizes an attorney's fee award that includes fees incurred on appeal. We hold that it does.

Courts of several jurisdictions with statutes similar to AS 34.35.005(b) have held that absent specific statutory authority, attorney's fees would not be awarded for appeals in lien foreclosure cases. *E.g.,*

*Consolidated Elec. Distribs. v. Jepson Elec. Contracting,* 272 Or. 384, 537 P.2d 83, 86 (1975).[2] In *Hendrix v. Gold Ridge Mines,* 56 Idaho 326, 54 P.2d 254, 258 (1936), the court based its holding on the fact that Idaho's statute was evidently copied from the California lien statutes, which expressly provided for attorney's fees in the supreme court; since that proviso was deleted when Idaho adopted the statute, the court concluded that the legislature intended to disallow recovery of attorney's fees incurred on appeal. *See also Ivie v. Peck,* 94 Idaho 625, 495 P.2d 1110 (1972). In *Barrett v. Hampe,* 237 Minn. 80, 53 N.W.2d 803, 808 (1952), the Minnesota Supreme Court cited *Hendrix* for the proposition that "[t]he general rule appears to be that attorneys' fees on appeal in an action to foreclose a mechanic's lien are not allowed in the absence of express legislation." In *Sunbeam Enters. v. Upthegrove,* 316 So.2d 34, 37 (Fla.1975), the Florida Supreme Court declined to allow appellate attorney's fees under a similar lien statute, reasoning that awarding attorney's fees to a party is in derogation of the common law and that statutes authorizing such fees should be strictly construed.[3]

Boyd argues that the court should follow the precedents of these states, particularly Oregon, whose statute served as the model for Alaska's lien statute.[4] Rosson makes two arguments; first, noting that AS 34.35.005(b) refers to "an action," he contends that proceedings on appeal should be considered part of the same action as the trial court proceedings. Second, he maintains that to interpret AS 34.35.005(b) as authorizing attorney's fees only at the trial level would defeat the legislature's purpose in enacting it.

---

1. AS 34.35.005(b) provides:

    In an action to enforce a lien, the court shall allow as part of the costs all money paid for drawing the lien and for filing and recording the lien claim, and a reasonable attorney fee for the foreclosure of the lien.

2. The Oregon Legislature has since amended the statute to expressly include attorney's fees on appeal. Or.Rev.Stat. § 87.060(5) (1985).

3. The current Florida rule is that, absent an expressed contrary intent, any statutory provision providing for payment of attorney's fees to the prevailing party will be construed to include attorney's fees on appeal. Fla.Stat.Ann. § 59.46 (West Supp.1986).

4. Note, however, that the Oregon court had not interpreted this provision prior to Alaska's adoption of the statute.

Rosson argues that the statute provides for attorney's fees "[i]n *an action* to enforce a lien," and that since appellate proceedings are part of the action to foreclose the lien, the statute implicitly authorizes attorney's fees on appeal. To support his assertion that appellate proceedings are part of an "action," Rosson cites AS 22.05.-010(a) and (b):

Jurisdiction.

(a) The supreme court has *final* appellate jurisdiction *in all actions* and proceedings. However, a party has only one appeal as a matter of right from an action or proceeding commenced in either the district court or the superior court.

(b) Appeal to the supreme court is a matter of right only *in those actions* and proceedings from which there is no right of appeal to the court of appeals under AS 22.07.020 or to the superior court under AS 22.10.020 or AS 22.15.040.

[Emphasis added.][5]

While technically an "action" may include proceedings on appeal, this language is not definitive in establishing legislative intent. We find more persuasive Rosson's argument that the legislative purpose is better served if the statute is construed to include attorney's fees on appeal.

This court has stated that the apparent purpose of AS 34.35.005(b) and 34.35.110(b) is to facilitate enforcement by mechanics' lienors of their rights by giving them an assurance of costs and attorney's fees if they prevail in their foreclosure actions. *Brand v. First Fed. Sav. & Loan Ass'n,* 478 P.2d 829, 834 (Alaska 1970). Rosson argues that the statute enables contractors, laborers, and materialmen to recover judgments that would otherwise be too small to justify the expense of a lawsuit and an appeal. In light of this statutory purpose, it makes no sense to limit authorization of attorney's fees to trial level proceedings. A lienor who typically performs work in small amounts can afford to bring

an action by virtue of AS 34.35.005(b) because he knows he will be reimbursed if he prevails. If, however, the defendant appeals, the lienor's attorney's fees may exceed the amount that he recovers for his work. Lienors have no way of knowing whether a case will be appealed when they initiate an action, and have no control over the number of points brought on appeal; they will be discouraged from filing suit unless a large claim is involved if they cannot recover their costs and attorney's fees.

■ Mechanics' liens laws are remedial in nature and therefore should be liberally construed. *Drake Lumber Co. v. Lindquist,* 179 Or. 402, 170 P.2d 712, 717 (1946). We think it incongruous to construe AS 34.35.005(b) to provide protection for mechanics' lienors in the superior court but not in the supreme court. In order to effectuate the aim of the statute to secure to lienors the value of their efforts, we hold that the phraseology "reasonable attorney fee" of AS 34.35.005(b) includes attorney's fees incurred on appeal.

## II. THE AWARDING COURT.

■ The second issue is which court should determine the award. Boyd argues that the supreme court should determine the appellate attorney's fees award, and Rosson argues that the superior court should do so. We agree with Boyd and hold that in the particular context of this case the supreme court should make the award of attorney's fees for appellate proceedings under AS 34.35.005(b).

■ There is no indication of legislative intent regarding this issue for AS 34.35.-005(b). Our decision is limited to instances in which the appellate disposition is completely dispositive of the case and no further trial court proceedings are contemplated. In such circumstances we think it is more efficient for the supreme court to assess the attorney's fee request.[6]

---

5. Rosson also cites Appellate Rule 103(c), which contains similar language.

6. We decline to address Boyd's contention that AS 34.35.005(b) is unconstitutional. He did not raise this issue on appeal even though both parties argued the statute's applicability. An

**D.A. and L.A., Appellants,**

v.

**D.R.L., Appellee.**

No. S–976.

Supreme Court of Alaska.

Nov. 7, 1986.

Rehearing Denied Dec. 5, 1986.

Allen M. Bailey and Wayne Ross, Ross & Gingras, P.C., Anchorage, for appellants.

Mikel R. Miller, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

argument not raised on appeal will not be considered on rehearing. *See Wernberg v. State,* 519 P.2d 801, 804 n. 8 (Alaska 1974).