706 So.2d 92 (1998)
ALLSTAR BUILDERS CORPORATION, INC., Appellant,
v.
Tracy ZIMMERMAN d/b/a Modular Assemblers, Appellee.
No. 97-1691.
District Court of Appeal of Florida, Third District.
February 18, 1998.
Hinsaw & Culbertson and Steven E. Eisenberg, Miami, for appellant.
Pershes & Schwartz and Jay A. Schwartz, Coral Springs, for appellee.
Before GERSTEN, GODERICH and SHEVIN, JJ.

ON MOTION FOR REVIEW
PER CURIAM.
Appellant Allstar Builders Corporation, Inc., seeks review pursuant to Florida Rule of Appellate Procedure 9.400(c) of the trial court's order awarding appellee Tracy Zimmerman, d/b/a Modular Assemblers, appellate attorney's fees. We grant the motion for review and reverse the trial court's award.
In Allstar Builders Corp., Inc. v. Zimmerman, 699 So.2d 257 (Fla. 3d DCA 1997), we affirmed an order dissolving a prejudgment writ of replevin. Consequently, we granted Zimmerman's motion for appellate attorney's fees. Upon remand, Zimmerman moved the trial court for a fee award. The court granted the motion, and entered a judgment awarding Zimmerman $18,450 in appellate fees. Allstar filed a Rule 9.400(c) motion for review correctly asserting that the fee judgment was premature. The Rule 9.400(c) motion is the correct vehicle to review this judgment. Cheung v. Executive China Doral, Inc., 638 So.2d 82 (Fla. 3d DCA 1994); Hernstadt v. Brickell Bay Club Condominium Ass'n, Inc., 602 So.2d 967 (Fla. 3d DCA 1992).
"[I]n an interlocutory appeal, the party prevailing on the interlocutory appeal must also be the ultimate prevailing party in the trial court to be entitled to a final judgment of appellate fees from the interlocutory appeal." Sabina v. Dahlia Corp., 678 So.2d 822, 822-23 (Fla. 2d DCA 1996)(emphasis added). The prevailing party for attorney's fees purposes is the party prevailing on the significant issues tried before the court. Green Cos., Inc. v. Kendall Racquetball Inv., Ltd., 658 So.2d 1119 (Fla. 3d DCA 1995). In this case, we affirmed an order dissolving a *93 prejudgment writ of replevin. This is not a harbinger of who will prevail when all the issues in the case are fully aired at trial. At this juncture, Zimmerman is not the ultimate prevailing party in the litigation and any award of fees is premature. This result would, of course, be different if the replevin count were ultimately adjudicated in Zimmerman's favor and a judgment entered thereon. A fee award at that time would be appropriate. However, at this juncture in the proceedings we must reverse the fee award.
Reversed and remanded.