DAUKSCH, J.
ON MOTION FOR REHEARING
Appellee, State Farm Fire & Casualty Company, moves for rehearing of this court’s order granting the motion of appellants, James and Kathi Hoenstine, for appellate attorney’s fees. This is ap-pellee’s second motion for rehearing. In its motion, appellee argues that this court’s denial of its first motion for rehearing was erroneous on the ground that its motion should not have been deemed untimely filed. Appellee erroneously relies upon Florida Rule of Appellate Procedure 9.400(c) which provides that review of orders rendered by the lower tribunal shall be by motion filed in the lower court within 30 days of rendition. Thus, it argues that it filed its motion for rehearing within 30 days of rendition. Rule 9.400(c) is inap *854 plicable because appellee filed a motion for rehearing of this court’s order granting appellants’ motion for attorney’s fees. Motions for rehearing must be filed within 15 days of the order sought to be reviewed. Fla.R.App.P. 9.830(a). Appellee filed its motion for rehearing on July 22, 1999. The order sought to be reviewed was entered on July 6, 1999. Appellee’s motion for rehearing was one day late. Appellee’s second motion for rehearing of the same order is unauthorized and untimely and is also denied.
Appellee’s reliance on Allstar Builders Corp. Inc. v. Zimmerman, 706 So.2d 92 (Fla. 3d DCA 1998) is misplaced as that case involved a Florida Rule of Appellate Procedure 9.400(c) motion for review of a trial court’s order granting a motion for appellate attorney’s fees and entering a judgment for the fees. It is undisputed that a party filing a motion for review of such an award has 30 days in which to file its motion.
DENIED.
W. SHARP, and PETERSON, JJ., concur.