Chris FROINES, Appellant,

v.

VALDEZ FISHERIES DEVELOPMENT ASSOCIATION, INC., Appellee.

No. S–12137.

Supreme Court of Alaska.

Jan. 18, 2008.

---

2. *Id.*

3. *Richard B. v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 71 P.3d 811, 827 (Alaska 2003).

4. 20 P.3d at 1138.

5. *Id.*

6. AS 33.30.081.

Stephen McAlpine, Law Offices of Stephen McAlpine, Anchorage, for Appellee.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, and CARPENETI, Justices.

*OPINION*

FABE, Chief Justice.

## I. INTRODUCTION

Chris Froines appeals the superior court's order limiting his award of Alaska Civil Rule 68 attorney's fees to $10,000. Because the factors relied upon by the superior court do not justify this limit, we reverse.

## II. FACTS AND PROCEEDINGS

This appeal represents the second time that this case has come before us.[1] We recount here only those facts and proceedings necessary to understand and resolve the current dispute.

In 2000 Chris Froines, a commercial fisherman, filed suit against Valdez Fisheries Development Association (VFDA) for breach of contract. In 2001 the superior court granted summary judgment against Froines. Froines appealed and we reversed, holding that genuine issues of fact precluded summary judgment.[2]

On remand, Froines made an offer of judgment to VFDA "in the amount of $15,000.00 inclusive of all costs, interest and attorney's fees." VFDA rejected the offer and the case proceeded to trial.

Following a five-day trial in Valdez in August 2005, the jury awarded Froines $10,000. Taking into account prejudgment interest, fees, and costs, this award exceeded Froines's $15,000 offer of judgment by at least five percent. Consequently, in September, Froines filed a motion pursuant to Rule 68(b)(2)[3] for fifty percent of his reasonable

Jeffrey J. Jarvi, Law Office of Michael Stehle, P.C., Anchorage, for Appellant.

**1.** *Froines v. Valdez Fisheries Dev. Ass'n, Inc.,* 75 P.3d 83 (Alaska 2003).

**2.** *Id.* at 90.

**3.** Rule 68(b)(2) provides:
  (b) If the judgment finally rendered by the court is at least 5 percent less favorable to the offeree than the offer, ... the offeree, whether

the party making the claim or defending against the claim, shall pay all costs as allowed under the Civil Rules and shall pay reasonable actual attorney's fees incurred by the offeror from the date the offer was made as follows:

. . . .

  (2) if the offer was served more than 60 days after the date established in the pretrial order

and actual attorney's fees incurred from the date of his offer of judgment through the end of proceedings in the trial court. In support of this motion, Froines filed itemized time sheets detailing the work performed and services provided by his counsel. At the time of this filing, Froines calculated his attorney's fees award under Rule 68(b)(2) to be $37,197.25. This total represented half of his attorneys' regular hourly rates multiplied by the number of hours they worked.

VFDA opposed Froines's motion and argued that Froines was generally not entitled to an award based upon his attorneys' hourly rates or hours worked because his attorneys had actually worked on a contingent fee basis. It further argued that the requested award was neither actual nor reasonable.

Froines responded about a week later, arguing that contingent fee arrangements have no effect on awards of attorney's fees under Rule 68 and that the requested award was reasonable. Froines also increased the amount he was seeking to $39,676.25 as a result of the additional time his lawyers had worked on the case since he had originally moved for attorney's fees.

On October 14, 2005, the superior court entered an order granting Rule 68 attorney's fees. Analogizing to our case law regarding Rule 82, the superior court reasoned that awards of attorney's fees under Rule 68 must be based upon "the reasonable value of the attorney's services, not what the client actually pays."[4] Nonetheless, the superior court then went on to award Froines only $10,000 in attorney's fees because "a full reasonable fee should not have exceeded $20,000." Although the superior court did not detail exactly how it arrived at this number, it noted several factors from Rule 1.5 of the Rules of Professional Conduct, including "the lack of novelty of the issues, the moderate time and labor that should have been required, the

modest probable recovery, the minimal verdict, the lack of any serious time limitations and the contingent nature of the fee."

Froines now appeals.

## III. STANDARD OF REVIEW

We review a trial court's fact-based determinations regarding whether attorney's fees are reasonable for an abuse of discretion.[5] However, the proper interpretation of Alaska Civil Rule 68 is a question of law that we review de novo.[6]

## IV. DISCUSSION

On appeal, Froines claims that the superior court's order limiting Froines's reasonable attorney's fees was unjustified. In assessing the reasonable value of the services provided by Froines's attorneys, the superior court looked to Rule 1.5 of the Rules of Professional Conduct, which lists a number of factors relevant to determining the reasonableness of an attorney's fee. According to the superior court, "[t]he most important [Rule 1.5] factors in this case include the lack of novelty of the issues, the moderate time and labor that should have been required, the modest probable recovery, the minimal verdict, the lack of any serious time limitations and the contingent nature of the fee." On the basis of these factors, the superior court concluded that "a full reasonable fee" in this case "should not have exceeded $20,000." It therefore awarded Froines only $10,000 in attorney's fees.

On appeal, Froines characterizes the superior court's award as "arbitrary" and insists that he should have been awarded the full $39,676.25—the amount produced by multiplying his attorneys' regular hourly rates with the amount of hours they worked. VFDA disagrees and maintains that the superior court properly relied on Rule 1.5 to limit the award to a reasonable amount.

---

for initial disclosures required by Civil Rule 26 but more than 90 days before the trial began, the offeree shall pay 50 percent of the offeror's reasonable actual attorney's fees....

4. *United Servs. Auto. Ass'n v. Pruitt*, 38 P.3d 528, 534 (Alaska 2001). We note that neither Froines nor VFDA appears to dispute this conclusion on appeal.

5. *Marron v. Stromstad*, 123 P.3d 992, 998 (Alaska 2005).

6. *Cook Schuhmann & Groseclose, Inc. v. Brown & Root, Inc.*, 116 P.3d 592, 597 (Alaska 2005).

■ Although we have previously relied upon Rule 1.5 factors to limit awards of Rule 82 attorney's fees,[7] several of these factors lose their probative value in the context of Rule 68 attorney's fees. Unlike Rule 82, the purpose of Rule 68 is not merely to "partially compensate a prevailing party"[8] for its reasonable expenses; rather, "the purpose of Rule 68 is to encourage pretrial settlement" so as to save both the litigants and the state from the time and expense of a trial.[9] It works towards this purpose by subjecting litigants who reject pretrial offers of judgment to the risk of paying a percentage of their opponents' attorney's fees. As we have previously explained:

> Offers of judgment force both the offeror and the offeree to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits. The penalties of Rule 68 raise the cost of litigation in the offeree's risk-benefit analysis, thus making settlement more attractive.[10]

In the context of Rule 82, three of the Rule 1.5 factors noted by the superior court—a lack of novel issues of law, a modest probable recovery, and a minimal verdict—are probative only as to whether the prevailing party litigated its claim in an unreasonable manner, dedicating excessive time and money to a relatively simple or minor case. When considered in the context of Rule 82, these factors weigh in favor of reducing an award of attorney's fees. In the context of Rule 68, however, these factors cut both ways; although still probative as to whether the prevailing party litigated its claim unreasonably, these factors also tend to demonstrate that the case was particularly amenable to an offer of judgment. That a case involved no novel issues of law suggests that the parties should have been able to reasonably assess the merits of their claims and arrive at a settlement. That a case involved only a mod-

est probable recovery suggests that the parties should have had the incentive to avoid the costs of trial. And that a case ultimately concluded with a minimal verdict only slightly higher than the prevailing party's offer of judgment suggests that the prevailing party made a reasonable offer that should have been accepted. Stated more simply, the fact that a case was relatively simple, involved relatively modest sums of money, and resulted in a relatively minor verdict is just as likely to be evidence of the losing party's unreasonableness in rejecting an offer of judgment as it is to be evidence of the prevailing party's unreasonableness in dedicating substantial resources to the case. Given that these three factors cut both ways in the context of Rule 68, the mere existence of these factors is not sufficient to limit a Rule 68 award and cannot, standing alone, justify such a limited award.

We turn now to consider whether any of the other factors cited by the superior court can justify limiting Froines's attorney's fees. In addition to the three factors already discussed, the superior court also cited the lack of any serious time limitations, the contingent nature of Froines's fees, and the moderate amount of time and labor that the case should have required as factors militating in favor of limiting Froines's award. However, the lack of time limitations and the contingent nature of the attorney's fees have little relation to the reasonableness of Froines's attorney's fees. And although the moderate amount of time and labor required to litigate this case certainly is relevant to the reasonableness of Froines's attorney's fees, we are unable to determine if the superior court would have limited Froines's award so severely on this basis alone. Consequently, we remand this case to the superior court for recalculation of reasonable attorney's fees in light of this opinion.[11]

7. *Gamble v. Northstore P'ship*, 28 P.3d 286, 293 (Alaska 2001).

8. *State v. Native Village of Nunapitchuk*, 156 P.3d 389, 398 (Alaska 2007) ("Rule 82's primary purpose is to partially compensate a prevailing party.").

9. *Mapco Exp., Inc. v. Faulk*, 24 P.3d 531, 542–43 (Alaska 2001).

10. *Mackie v. Chizmar*, 965 P.2d 1202, 1205 (Alaska 1998) (internal quotations and citations omitted).

11. Because we remand this case, we need not address Froines's argument that his attorney's

## V. CONCLUSION

For the reasons detailed above, we RE-VERSE the superior court's award of attorney's fees and REMAND for a recalculation in accordance with this decision.

BRYNER, Justice, not participating.

EASTAUGH, Justice, dissenting.

Today's opinion erroneously prevents trial courts evaluating the reasonableness of a prevailing party's attorney's fees under Alaska Civil Rule 68 from considering the most relevant evidence. It consequently remands for a determination that cannot rationally be made without considering the now-precluded factors. It does so after confusing the two separate determinations—the prevailing party determination and the reasonableness determination—that Rule 68 requires of trial courts. Because the superior court committed no legal error and did not abuse its discretion in awarding attorney's fees to the appellant, I would affirm its award. I therefore respectfully dissent.

The first question is whether the superior court committed any legal error in choosing to consider factors listed in Alaska Rule of Professional Conduct 1.5. Conduct Rule 1.5(a) states that a lawyer's fee "shall be reasonable." It sets out eight non-exclusive factors to be considered in determining the reasonableness of a fee:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

The superior court, in looking to the pertinent factors listed in that rule, did so in reliance on what we said in *Gamble v. Northstore Partnership*,[1] and cited *Gamble* in support. We explained in that case, in holding that full reasonable fees for an earlier appeal should not have exceeded $18,000, that we were considering "the various components determining a reasonable fee expressed in Rule 1.5 of the Rules of Professional Conduct, most importantly the lack of novelty of the issues, the nature of the controversy, the result obtained, and the time and labor that should have been required."[2]

The superior court here paraphrased the considerations we said were relevant in *Gamble* and added these considerations: the modest probable recovery, the minimal verdict, the lack of any serious time limitations, and the contingent nature of the fee. All of these factors originated in Rule 1.5. The superior court therefore followed the methodology that we have approved in a comparable context in which the same issue was before the court: the reasonableness of incurred attorney's fees.

Today's opinion, however, contends that awards under Civil Rule 68 raise different questions than awards under Civil Rule 82. It therefore implicitly distinguishes *Gamble*, which involved a Rule 82 award rather than a Rule 68 award.[3] Today's opinion does so on the theory that the purpose of Rule 68, unlike that of Rule 82, is not merely to "partially compensate" the prevailing party, but to

---

fees are reasonable. But we do note that just a trial lasting five full trial days, with an equal number of days for final trial preparation, could exceed 100 hours per attorney. It is difficult to reconcile the fact of a week-long trial with the trial court's conclusion that "a full reasonable fee should not have exceeded $20,000."

1. *Gamble v. Northstore P'ship,* 28 P.3d 286, 293 (Alaska 2001).

2. *Id.*

3. Op. at 1237.

encourage pretrial settlement.[4]  It reasons that three of the Rule 1.5 factors relied on by the superior court—lack of novel issues of law, modest probable recovery, and minimal verdict—"cut both ways."[5]  It thinks these three factors could suggest not only that the incurred fees might not have been reasonable, but also that the offeree acted unreasonably in "rejecting" an offer of judgment that proved to be successful.[6]  It therefore seems to conclude that these three factors do not apply under Rule 68; it holds that the superior court reversibly erred by relying on them.[7]

Before discussing the logical error, I want to discuss its consequences.  Most significantly, it forecloses consideration of the three factors when trial courts are determining the reasonableness of the prevailing party's attorney's fees.  Certainly these three factors are relevant to the reasonableness determination.  Even as it holds that relying on them was error, the court's opinion acknowledges that they are relevant to the issue of reasonableness.  Thus, the opinion states that these factors are "still probative as to whether the prevailing party litigated its claim unreasonably."[8]  But these three factors are more than merely relevant; they are highly relevant.  What could be more germane to the reasonableness of incurred fees than whether the dispute turned on established legal principles, would probably produce only a modest recovery, and indeed produced only a minimal recovery?  That these factors are always highly relevant is confirmed by considering what happens as the issues become less obvious, the probable recovery becomes less modest, and the actual recovery increases.  At what point on the sliding scale would this court again permit trial courts to consider these three factors?  There is no rationally identifiable point, yet it is undeniable that the factors are highly, or even uniquely, relevant.

The court's rationale for precluding consideration of the three factors is not that they are irrelevant, but that they are too relevant, i.e., that they are relevant not just to the reasonableness of the incurred fees, but also to the unreasonableness of the offeree in failing to accept the successful offer of judgment.[9]

The court assumes the inferences cancel out.  But to the extent these three factors permit inferences on these two different issues, the inferences are much stronger on the topic of fee reasonableness than on the topic of offeree unreasonableness.  Therefore, the detriment to the truth-finding process resulting from the inability to consider these factors when determining fee reasonableness far outweighs any possible benefit that might result from preventing unreasonable offerees from inappropriately limiting fee awards.

In my view, the factors listed in Rule 1.5(a) are all potentially relevant, even when Rule 68 is involved.  The reasonable-fee determination is inescapably fact specific.  The trial court is invariably in the best position to determine globally the maximum fee that would have been reasonable; the factors help the court make that determination.  Likewise, the trial court is in the best position to decide the extent to which the offeree's litigation approach justified greater post-offer efforts by the offeror.  And certainly it is capable of determining whether, for example, the lack of novelty of issues demonstrates that the offeror engaged in undue litigation efforts or demonstrates that the offeree was unreasonable.  The superior court here had ample opportunity to make that determination and to draw its own assessment about

4.  *Id.*

5.  Op. at 1237.

6.  *Id.*

7.  Although it does not expressly say so, the court's opinion apparently considers the three factors irrelevant for Rule 68 purposes, and, again without expressly saying so, apparently intends the superior court on remand to conduct its recalculation without regard to these three factors.  Op. at 1237.

The opinion also finds the contingent nature of the fee irrelevant.  That factor is probably relevant because it implies the client has no practical interest in limiting or monitoring the hours the attorney is spending.

8.  Op. at 1237.

9.  *Id.*

the reasonableness of the fees and effort given the amount at stake.[10]

Now we return briefly to the public policy underlying the offer of judgment rule. The approach of the opinion today confuses the policy of encouraging settlement (and discouraging unreasonable litigation conduct) with the reasonable-fee determination. The settlement-encouragement policy is fully satisfied by the prevailing party determination. That determination turns only on whether the offeree "beat" the offer, a mathematical comparison that decides whether the offer exceeds the "final verdict." It does not turn on a subjective assessment of whether the successful offer was "reasonable" and it does not decide that the offeree was unreasonable.

Furthermore, that an offer of judgment is successful can be a matter of happenstance. Similar cases can result in dissimilar verdicts. The success of the offer should not foreclose trial courts from using the appropriate tools to assess the reasonableness of the offeror's fees. That assessment can best be achieved by looking to the factors the superior court relied on here.

Finally, the court remands, apparently so the superior court can recalculate reasonable attorney's fees by applying one factor: "the moderate amount of time and labor that the case should have required." [11] But it seems to me that in determining what amount of time and labor the case should have required, the superior court almost certainly should look at the three factors which this court now says cannot be considered. How can a court say what amount of time should have been required without looking at the novelty of the issues, the (modest) probable recovery, and the actual recovery?

---

**10.** Although the court reverses on the basis of what it characterizes as a legal error, it is hard to avoid thinking that the court's real objection is dissatisfaction with the trial court's finding that the reasonable fee should not have exceeded $20,000. Op. at 1237–38 n. 11. Thus, this court thinks it is "difficult to reconcile" the week-long trial with the trial court's $20,000 finding. *Id.* Of course, the trial court may well have concluded that a week-long trial was unjustified, and that Froines was responsible for prolonging it. We owe deference to trial courts making such determinations. Nothing here makes it "difficult to reconcile" the trial length with the $20,000 finding.

