# Third District Court of Appeal

## State of Florida

Opinion filed March 14, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2633
Lower Tribunal No. 15-9407
_____


**Milena R. Balmaseda,**
Appellant,

vs.

**Okay Insurance Exchange of America LLC, etc., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Law Offices of Sina Negahbani, and Sina Negahbani, for appellant.

Jason M. Wandner, P.A., and Jason M. Wandner, for appellees.


Before ROTHENBERG, C.J., and FERNANDEZ and SCALES, JJ.

ON MOTION FOR REVIEW

ROTHENBERG, C.J.

Milena R. Balmaseda ("Balmaseda") seeks review of the trial court's order awarding appellate attorney's fees to the appellees, Okay Insurance Exchange of America LLC, etc., et al. (collectively, "Okay Insurance"), pursuant to this Court's order dated July 12, 2017. See Fla. R. App. P. 9.400(c) (stating that review of a lower tribunal's order assessing attorney's fees and costs acting under order of an appellate court "shall be by motion filed in the court within 30 days of rendition"); Pellar v. Granger Asphalt Paving, Inc., 687 So. 2d 282, 284 (Fla. 1st DCA 1997) (providing that, pursuant to rule 9.400(c), "the correct method of seeking review of an order on appellate costs or attorney's fees is to file a motion for review in the appellate court in the proceeding that was the subject of the award, within 30 days of rendition of the order in the lower tribunal"). For the reasons that follow, we grant the motion for review and reverse the trial court's order awarding attorney's fees to Okay Insurance.

The procedural history and posture of the case are as follows. Balmaseda filed a pregnancy discrimination suit against Okay Insurance. Thereafter, Okay Insurance filed a counterclaim asserting that Balmaseda violated the two-year non-compete provision in her employment agreement, seeking both monetary damages and injunctive relief. Okay Insurance moved for a temporary injunction as to its counterclaim to enforce the non-compete provision in the employment agreement, which the trial court granted. Balmaseda appealed the entry of the temporary

injunction, and this Court affirmed. Balmaseda v. Okay Ins. Exchange of Am., LLC, 228 So. 3d 565 (Fla. 3d DCA 2017). On July 12, 2017, this Court entered an order granting Okay Insurance's motion for appellate attorney's fees and "remanded to the trial court to fix amount."

Following this Court's affirmance of the temporary injunction entered in favor of Okay Insurance, Balmaseda moved for a summary judgment as to Okay Insurance's counterclaim, arguing, in part, that Okay Insurance's right under the non-compete provision to seek a permanent injunction had expired, and Okay Insurance filed a competing motion for summary judgment as to its counterclaim. Following a hearing on the competing motions for summary judgment, the trial court entered an order: (1) denying Okay Insurance's motion for summary judgment; and (2) granting, in part, and denying, in part, Balmaseda's motion for summary judgment as to Okay Insurance's counterclaim. Specifically, the trial court's order provides that "Ms. Balmaseda has clearly shown that the counter-defendants are not entitled to injunctive relief. Final summary judgment entered in her favor as to injunctive request. Court denies summary judgment as to damages." Thus, because the trial court denied Balmaseda's motion for summary judgment as to Okay Insurance's claim for damages relating to Balmaseda's alleged violation of the non-compete provision, the issue of damages remains pending.

3

At a separate hearing, the trial court addressed this Court's July 12, 2017 order, which granted Okay Insurance's motion for appellate attorney's fees and "remanded to the trial court to fix amount." Following the hearing, the trial court entered an order awarding over $8,000 in appellate attorney's fees to Okay Insurance. The trial court, however, stayed the execution of the award to allow Balmaseda to "seek clarification of the entitlement award" from this Court. Balmaseda's timely motion for review followed.

In the motion for review, Balmaseda argues that the trial court should not have awarded Okay Insurance attorney's fees, although Okay Insurance prevailed in the interlocutory appeal before this Court, because Okay Insurance did not ultimately prevail in the lower tribunal. Based on our review, we conclude that this Court's instructions to the trial court "to fix amount" has caused the trial court to prematurely address and rule on Okay Insurance's motion for appellate attorney's fees because Okay Insurance's counterclaim has not yet been fully resolved.

We accept responsibility for the confusion that this Court's order granting Okay Insurance's motion for appellate attorney's fees following the interlocutory appeal may have caused. The order granting Okay Insurance's motion for attorney's fees should have provided that the fees were contingent on Okay Insurance ultimately prevailing in the lower tribunal on its counterclaim against

4

Balmaseda. See Sabina v. Dahlia Corp., 678 So. 2d 822, 822-23 (Fla. 2d DCA 1996) ("[I]n an interlocutory appeal, the party prevailing on the interlocutory appeal must also be the ultimately prevailing party in the trial court to be entitled to a final judgment of appellate fees from the interlocutory appeal."); see also Allstar Builders Corp. v. Zimmerman, 706 So. 2d 92, 92 (Fla. 3d DCA 1998).

The posture of the case reflects that, although the trial court granted summary judgment in favor of Balmaseda as to Okay Insurance's request for injunctive relief, the trial court denied Balmaseda's motion for summary judgment as to Okay Insurance's request for damages, and thus, Okay Insurance's request for damages remains pending. Because the issue of damages remains pending, Okay Insurance's counterclaim has not yet been fully resolved and, thus, the trial court's fee judgment was prematurely entered. Accordingly, we grant Balmaseda's motion for review and reverse the trial court's order awarding appellate attorney's fees to Okay Insurance.

Motion for review granted; trial court's order awarding appellate attorney's fees reversed.

5